IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ARCHIE DEON GLENN**                                            **PLAINTIFF**

**V.**                                                   **NO. 3:16cv00247-NBB-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the court are Archie Deon Glenn's motion for leave to proceed in this action filed pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) without prepayment of costs or giving security therefor ("IFP motion") [2] and motion to dismiss [3]. Having thoroughly considered the motions, the undersigned recommends both motions be denied for the reasons that follow.

This is a social security appeal initiated by retained counsel with the filing of the complaint [1] along with the IFP motion [2] on October 27, 2016. By the IFP motion Plaintiff merely states he is proceeding under 28 U.S.C. § 1915 and makes reference to a supporting affidavit which is purported to be attached as an exhibit; however, no exhibit is attached. The docket reflects court personnel notified Plaintiff's counsel office regarding the missing affidavit on November 2. As of this date, no financial affidavit has been filed on behalf of Plaintiff.

On November 7, Plaintiff's counsel filed the instant motion to dismiss wherein counsel explains he filed the appeal without a completed and signed financial affidavit from his client in order to "protect his client's filing date." Counsel states that prior to filing the appeal, he had discussed with his client the filing of this social security appeal and had directed Plaintiff to gather financial information to provide to counsel. Counsel states that when he did not receive the information requested and after "numerous" attempts to reach Plaintiff by phone, he filed the complaint and subsequently attempted to reach Plaintiff but has heard nothing from him.

Counsel for Plaintiff cites no authority in support of the motion to dismiss his client's case.

Nevertheless, the court is aware of its power to dismiss a case whenever necessary to achieve the orderly and expeditious disposition of cases. *See Ramsay v. Bailey*, 531 F.2d 706, 708-709 (5th Cir. 1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977). Moreover, where (1) there is a significant period of total inactivity by the plaintiff, (2) the plaintiff fails to adhere to repeated warnings that a dismissal will result from continued failure to proceed properly, or (3) the plaintiff fails to obey court rules and court orders, dismissal is appropriate. *Id.*; *Larson v. Scott,* 157 F.3d 1030 (5th Cir. 1998) (affirming dismissal of case under Rule 41(b) when plaintiff failed to comply with order to produce financial information despite the court's warning that failure to comply would result in dismissal); *Murrah v. Fire Ins. Exch.,* 480 F.2d 613, 613 (5th Cir.1973) (affirming dismissal for want of prosecution after case had been pending over fifteen months, plaintiff failed to comply with court orders, and plaintiff failed to show cause for failures); *Byrd v. Harris,* No. H-03-5187, 2005 WL 1994263, at *1 (S.D. Tex. Aug. 17, 2005) ("Defendant's failure to keep this court informed of his address is in itself a basis for dismissal"); *Reyes v. U.S.,* No. 3:02-cv-0008-H, 2003 WL 292159 (N.D. Tex. Jan. 31, 2003) (dismissing action after the plaintiff failed to supply address after the court warned the plaintiff of possibility of dismissal).

In this case, Plaintiff has not paid the filing fee nor has he submitted financial information sufficient for this court to determine whether he is entitled to IFP status. Nevertheless, I believe it would be improvident to dismiss Plaintiff's case on the motion of his counsel under the circumstances. Indeed, counsel fails to explain with specificity (dates and number of attempts to contact, etc.) the efforts made to contact his client. Moreover, it has not been a month since this case was initiated, and Plaintiff has not been sufficiently warned by the court of the possibility of its dismissal. Accordingly, it is the recommendation of the undersigned that Plaintiff's IFP motion be denied, *Willard v. United States*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969), aff'd 422

F.2d 810 (5th Cir. 1970) (holding the granting or denying of IFP status is left to the sound discretion of the district court), and that Plaintiff be given a period of 14 days from the date of an order of the district judge adopting this report and recommendation to either pay the full amount of the filing fee or file a renewed IFP motion along with a completed and executed financial affidavit or risk dismissal of the lawsuit for failure to prosecute and failure to obey a court order. It is further recommended that the motion to dismiss be denied and that the court order that if Plaintiff fails to cooperate with counsel to either pay the filing fee or file a renewed IFP motion within the 14-day period, Plaintiff's counsel shall within 30 days of entry of an order by the district judge adopting this report and recommendation, file a certification which specifies all efforts made to apprise his client of the status of this case, including the possibility of its dismissal.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 17th day of November, 2016.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE